United States District Court
Southern District of Texas
ENTERED
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUSA SIRAT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01417 |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Musa Sirat, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Representing himself, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Dkt. No. 1). The respondents have filed a Response and Motion for Summary Judgment. (Dkt. No. 8). The petitioner has filed a reply. (Dkt. No. 11). In addition, the respondents have filed a status report. (Dkt. No. 17). Having considered the parties' arguments and the applicable legal authority, and the current status of Sirat's deportation proceedings, the Court denies the respondents' Motion for Summary Judgment and grants in part the petition for a writ of habeas corpus.

## I. BACKGROUND

The petitioner is a citizen of Iran. He is under a final removal order. He has been in ICE custody since July 2025.

Pending before the Court is the petitioner's habeas petition challenging his alleged unlawful detention. He argues that his ongoing detention violates his right to due process under the Fifth Amendment. The respondents argue that the petitioner's detention does not violate due process because he cannot show that his removal is not reasonably foreseeable.

## II. LEGAL AUTHORITY

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)). This includes noncitizen detainees who seek to challenge the legality of physical confinement "by executive direction[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (explaining that noncitizen detainees whose claims for relief "necessarily imply the invalidity" of their confinement must be brought in habeas because the claims "fall within the 'core' of the writ of habeas corpus").

"To obtain relief under § 2241, the [petitioner] must establish a violation of either the Constitution or federal law." *Fillingham v. United States*, 867 F.3d 531, 536 (5th Cir. 2017) (citing 28 U.S.C. § 2241(c)(3)). "The habeas petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696–97 (S.D. Tex. 2025) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition

must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

The Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992)). The Supreme Court has explained that "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979); *see also Zadvydas*, 533 U.S. at 690 ("[T]his Court has said that government detention violates [the] [Fifth Amendment Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, where a special justification, such as harm-threatening mental illness, outweighs the individual's constitutionally protected interest in avoiding physical restraint.") (internal citations and quotation marks omitted) (emphasis in original).

It is clear that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citing cases); *see also J. G. G.*, 604 U.S. at 673 ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation and internal quotation marks omitted); *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 107 (2020) ("aliens who have established connections in this country have due process rights in deportation proceedings"); *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) ("aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). "[O]nce the government opts to provide a liberty interest, it cannot arbitrarily revoke that interest without due process of law." *Muse v. Mullin*, No. 26-CV-4024-CJW-MAR, 2026 WL 1008532, at *4 (N.D. Iowa Apr. 14, 2026) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974))

## III. ANALYSIS

In *Zadvydas*, the Supreme Court held that six months of detention following issuance of a final removal order is presumptively reasonable, but that detention beyond that time violates due process if removal is not reasonably foreseeable. The petitioner has been in custody for well over a year.

The respondents argue that the petitioner has not shown that his removal is not reasonably foreseeable. Their own filings, however, show that their attempts to find a third country to accept the petitioner have been rebuffed, Status Report (Doc. # 17) at 2, and that "given the current political climate, [respondents are] unable to identify a viable pathway for repatriation of Iranian nationals," *id.* at 3. The petitioner's removal is therefore not

reasonably foreseeable, and his continued detention after 16 months is a deprivation of liberty without due process.

## IV. APPROPRIATE RELIEF

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser*, 411 U.S. at 484 ("[T]he traditional function of the writ is to secure release from illegal custody.").

When a noncitizen "has demonstrated a profound liberty interest in his [or her] freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention . . . immediate release is appropriate." *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026). "[A] bond 'hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'" *Id.* (quoting *Gonzalez v. Joyce*, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025)) (internal quotation marks omitted); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.") (citations omitted).

The Court determines that immediate release is the appropriate relief for the unlawful detention in this case. *See, e.g.*, *Betancourth*, 822 F. Supp. 3d at 771; *Singh v. Carnes*, No. 1:26-CV-00235-DHU-GJF, 2026 WL 599138, at *4 (D.N.M. Mar. 3, 2026) ("Several courts analyzing similar facts, including this one, have found that immediate release is the appropriate remedy when the Government's re-detention of someone violates their due process rights.").

## V. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. The respondents' Response and Motion to Dismiss and, In the Alternative, for Summary Judgment (Dkt. No. 8) is DENIED.

2. The petition for a writ of habeas corpus filed by Musa Sirat (Dkt. No. 1) is GRANTED in part.

3. Any other pending motions are DENIED as moot.

4. The respondents are ORDERED to release Musa Sirat from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, **within 48 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, between the hours of 7:00 a.m. and 7:00 p.m. **The respondents shall facilitate communication with the petitioner's friends, family, or other party able to assist with his safe transfer from detention. The respondents shall work with the petitioner's contacts to ensure a safe transfer out of detention and shall not impede the petitioner's efforts and ability to secure safe transportation from a public place outside of the detention center to his friends, family, or other trusted contact. The respondents must also ensure that the petitioner is given a copy of this Order before he is released**.

5. The respondents are ORDERED to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6. If the respondents seek to re-detain the petitioner during the pendency of his removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7. The respondents are further ORDERED to **FILE** a status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and describing, with sufficient detail, the circumstances regarding the petitioner's release, including but not limited to, where the petitioner was released from custody and at what time the petitioner was released.

The Clerk shall send a copy of this Order to the parties.

It is so ORDERED.

SIGNED on November 10, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge